## No. 9586.

### SITTERLEE *v*. THE PEOPLE.

1. CRIMINAL LAW—*Questions for the Jury.* Information for receiving stolen goods, the only evidence tending to establish the guilt of the accused being that the goods were found in his place of business six weeks after the theft. Whether this was "recent," within the meaning of the rule was properly left to the jury.

2. LARCENY. Presumption of guilt from possession of the stolen goods is indulged only where the possession of the accused is exclusive.

*En banc.*

*Error to Denver District Court, Hon. Francis E. Bouck, Judge.*

Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, Mr. CHARLES H. SHERRICK, Assistant, for The People.

Burke, J.

PLAINTIFF in error (hereinafter designated as defendant) was tried April 3, 1919, upon an information charging him with receiving stolen goods. At the conclusion of the People's case defendant moved for a directed verdict, which motion was overruled, and on the same day the jury returned him guilty, finding the value of the property (an automobile tire and drill) to be $25.00. Motions for a new trial and in arrest of judgment were overruled and defendant sentenced to the penitentiary for not less than one nor more than three years. From that judgment he brings error.

Mr. Justice Burke delivered the opinion of the court.

Defendant was engaged in the business of paper hanging, and painting automobiles. He maintained two places of business in the City of Denver. That the property in question was stolen, that it was found in one of defendant's places of business, that the discovery thereof was due to a search made of the premises by officials attempting to lo-

cate, and who there found, morphine, and that defendant was a user of that drug are all undisputed. There was no evidence tending to prove that defendant stole the property or received it knowing it to have been stolen. His conviction, if sustained, must rest upon proof of the discovery of the stolen property in his exclusive possession, recently after the theft, and the legal presumption arising therefrom.

The property was discovered in his place of business about six weeks after it was stolen. Whether this could be considered "recent" was, under the circumstances, a question for the jury, and was properly submitted to them.

*State v. Minick,* 54 Ore. 86, 102 Pac. 605.

The only other question for our consideration is whether this property was found in such *exclusive possession* of defendant as to justify the presumption of guilty knowledge. Defendant owned three automobiles and employed from three to six men. He was sometimes at one place of business, sometimes at the other. His employees had free access to both. At the place where the property was found were fifteen automobile tires. A few were in a box, others were scattered about the place. Whether the tire in question was in the box is not disclosed by the evidence. All the tires, except two, were later returned to defendant as his property. The drill was found lying with other implements in an open tool box. There is no evidence of any kind in the record even suggesting that defendant had actual knowledge of the fact that the tire and drill in question were in his place of business. As a witness in his own behalf he testified that he had no such knowledge as to the tire. He could not say he had ever seen the drill there, but stated that it was presumably the property of an employe named Erickson who left a few days before defendant was arrested. Another witness for defendant testified that both tire and drill had been brought to the premises by Erickson. The law applicable to such a state of facts, as laid down by Greenleaf on Evidence, has been approved by this court.

"But to raise the presumption of guilt from the possession of the fruits of the instruments of crime by the prisoner, it is necessary that they be found in his exclusive possession. A constructive possession, like constructive notice or knowledge, though sufficient to create a civil liability, is not sufficient to hold the party responsible to a criminal charge. He can only be required tô account for the possession of things which he actually and knowingly possessed; as, for example, where they are found upon his person, or in his private apartment, or in a place of which he kept the key. If they are found upon premises owned or occupied as well by others as himself, or in a place to which others have equal facility and right of access, there seems no good reason why he, rather than they, should be charged upon this evidence alone."

*Van Straaten v. People*, 26 Colo. 184, 56 Pac. 905. It can not be doubted that the business of the defendant, his method of conducting it, his use of drugs, the finding of the stolen property in his place of business, and the disappearance of his employe Erickson, combined to weave about him a net of suspicion from which it is not surprising he was unable to extricate himself when the case was once submitted to a jury. But the essential element of guilt—defendant's knowledge that the property was stolen at the time he received it—could only have been determined by the jury by the application of the legal presumption of knowledge which they were entitled to indulge by reason of the finding of the stolen property in defendant's *exclusive possession*. The burden of proving such exclusive possession was on the people. No evidence thereof was offered. All the evidence on that subject to be found in this record is to the contrary. We can not sustain a conviction under such circumstances. The trial court should have granted defendant's motion for a directed verdict. The judgment is accordingly reversed.