Jerry Robert CLOUD, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18240.

United States Court of Appeals
Eighth Circuit.

June 10, 1966.

J. Whitfield Moody, Legal Aid & Defender Society of Greater Kansas City, Kansas City, Mo., for appellant.

Bruce C. Houdek, Asst. U. S. Atty., Kansas City, Mo., F. Russell Millin, U. S. Atty., Kansas City, Mo., on the brief, for appellee.

Before VAN OOSTERHOUT, BLACKMUN and GIBSON, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by the defendant, Jerry Robert Cloud, from his conviction by a jury and resulting sentence on all five counts of an indictment. Defendant in each count was charged with transportation in interstate commerce of a forged and falsely made security, to wit, a described American Express Money Order, knowing the same to be falsely made and forged in violation of 18 U.S.C.A. § 2314. Five-year concurrent sentences were imposed on each count.

Defendant urges the trial court committed reversible error in the following respects:

I. Failure to sustain timely motions for directed verdict and judgment n. o. v. based on insufficiency of evidence to establish crimes charged.

II. The giving of Instruction C–3 upon the inference arising from possession of recently stolen property.

III. Exclusion of evidence of defendant's voluntary surrender after learning of the charges against him.

We find defendant's asserted errors to be without merit. We affirm.

## I.

The motions for verdict of acquittal and for judgment n. o. v. were

properly overruled. In considering the sufficiency of the evidence to support the verdict, the evidence must be viewed in the light most favorable to the Government as the prevailing party. When so viewed, we find substantial evidence to support the verdict. Four hundred American Express Money Order forms with known serial numbers were stolen from the Justrite Super Market in Kansas City, Kansas, an issuing agency, on March 19, 1964. When sold and issued to customers, the symbol "AECO" and the amount of the money order were filled in by a Monroe machine provided by the American Express. Such symbol and figures were not placed on the money orders when they were stolen. Substantial evidence discloses that the symbol and amount were not placed on the money orders here involved by an authorized machine. Defendant within the period between May 15, 1964 and June 5, 1964, cashed the five money orders here involved at five different Kansas City business establishments. Upon three of the money orders, defendant was named as payee. The other two named defendant as sender and named the party cashing as payee. Expert testimony discloses that the name of defendant as it appears on each of the money orders is in defendant's handwriting. On four of the five money orders defendant gave as his address a place from which he had moved more than a year before. The party living at the address given had never seen the defendant and knew nothing about him. Three of the money orders designate Wayne Miller as the sender with the fictitious and non-existing address of the purported sender.

Defendant on brief does not attack the sufficiency of the evidence to show the money orders were stolen or that he is the party who actually cashed the money orders involved in the indictment. Adequate evidence supports the view that defendant had knowledge that the instrumentalities of interstate commerce would be used in collecting the money orders.

Defendant urges that while there is testimony to the effect that the money orders were stolen in blank, there is no evidence to establish that they came into his possession in blank form. The indictment charges defendant with causing the money orders to be transported in interstate commerce knowing the same to be falsely made and forged. It is not necessary to sustain the conviction to prove that defendant was the forger. His guilt with respect to this element of the offense is established by proof of knowledge on his part that the money orders he cashed were forged and falsely drawn.

Defendant contends that his conviction is based upon piling an inference of knowledge of forgery upon an inference of knowledge that the money orders were stolen. Our examination of the record satisfies us that the evidence warrants a jury finding that the defendant knew that money orders in blank were stolen and that the forgery of the required symbol and amount was required to pass the money orders. Additionally, the defendant filled in his name as payee or sender on the money orders, provided a long-discarded address as his address, and the method of cashing the several money orders at different times and places constitutes circumstantial evidence which supports a finding that the defendant at the time he passed the money orders had knowledge that the instruments were forged and falsely made.

II.

Instruction C–3 given by the court reads:

"Possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find that the person in possession knew the property had been stolen.

"The term 'recently' is a relative term which has no fixed meaning. Whether property may be considered as recently stolen depends upon the

nature of the property and all the facts and circumstances shown by the evidence. The longer the period of time since the theft, the weaker the inference which may be drawn from such unexplained possession; if so.

"If you find from the evidence beyond a reasonable doubt that the five money orders described in the indictment were stolen and were caused to be transported in interstate commerce by the defendant as charged and that, while recently stolen, the five money orders were in the possession of the defendant and that such possession is not satisfactorily explained, the jury may draw from those facts if you so find, the inference that the accused had knowledge that they were stolen.

"However, the jury is not bound or required to find that defendant had knowledge that the five money orders were stolen and falsely made merely because he was in possession of the stolen items, and unless the jury believes beyond a reasonable doubt that the defendant knew the five money orders were stolen and were fraudulently made at the time he caused them to be transported in interstate commerce, if so, you are to find the defendant not guilty."

The record with respect to objection to this instruction is:

"To this instruction the defendant objects on the ground that the repeated reference to the phrase 'satisfactorily explained' or 'not satisfactorily explained' or 'unexplained' is unnecessary for clarity of the instruction and tends to call the attention of the jury to the fact that neither the defendant nor anyone on his behalf attempted to explain the possession of the money orders charged in the indictment.

"The Court: I take it that with the exception of the ground that you have just specifically stated you have no other objection to the instruction?

"Mr. Moody: No, Your Honor, no specific objection to that instruction."

Defendant argues that the instruction given subjects him to an impermissible compulsion to testify. Defendant correctly points out that neither the prosecutor nor the court may comment on a defendant's election to exercise his constitutional and statutory right not to testify at his trial. See Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257.

There is no mention made of defendant's failure to testify in the instruction challenged or elsewhere in the record. Defendant under the instruction could meet the inference arising out of possession by the testimony of others, as for example, that of the purported sender of a number of the money orders involved. If the money orders were innocently acquired, testimony of the person from whom they were acquired or others familiar with the transaction could be used.

In passing upon a somewhat similar contention relating to an inference permitted by statute arising from the defendant's presence at a still, the Supreme Court in United States v. Gainey, 380 U. S. 63, 70–71, 85 S.Ct. 754, 759, 13 L.Ed. 2d 658, states:

"Furthermore, in the context of the instructions as a whole, we do not consider that the single phrase 'unless the defendant by the evidence in the case and by proven facts and circumstances explains such presence to the satisfaction of the jury' can be fairly understood as a comment on the petitioner's failure to testify. Cf. Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257. The judge's overall reference was carefully directed to the evidence as a whole, with neither allusion nor innuendo based on the defendant's decision not to take the stand."

As defendant points out, Mr. Justices Black and Douglas in their dissents in Gainey express the view here urged by the defendant that the instruction runs counter to the federal policy that forbids conviction on compelled testimony. Such view is rejected by the majority opinion.

We find no support for defendant's position in United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210. The Court there found that defendant's presence near an unregistered still did not bear sufficient rational relation to possession of the still. The majority opinion carefully distinguishes *Gainey* and contains no language which would reasonably infer the adoption of the view of the *Gainey* dissenters. No comment is made upon compulsion of a defendant to testify. Mr. Justices Black and Douglas in separate opinions state that their concurrence is based upon the reasons set forth in their dissents in *Gainey*. This to us indicates that Mr. Justices Black and Douglas recognized that the Court had not adopted the views set out in their *Gainey* dissents.

■ The trial court offered to instruct the jury on defendant's absolute right not to testify and to the effect that no presumption or inference of guilt of any kind could flow from defendant's failure to testify. Defendant clearly indicated he wanted no instruction of this type and hence no such instruction was given. We find nothing in the instruction given which constitutes comment upon defendant's failure to testify.

■ Defendant on brief attacks Instruction C–3 supra upon the additional ground that the circumstances of defendant's possession of the money orders some two months after they were stolen does not constitute such recent possession as to justify the inference that defendant knew they were stolen. The short answer to this point is that no proper exception was made to the instruction upon this ground. Exceptions to instructions not fairly raised as required by Fed.R. Crim.P. 30 leaves nothing for appellate review. Washington v. United States, 8 Cir., 326 F.2d 585, 587; Michaels Enterprises, Inc. v. United States, 8 Cir., 321 F.2d 913, 916–917; Armstrong v. United States, 8 Cir., 228 F.2d 764, 767–778.

■ Defendant has filed a stipulation entered into with the United States Attorney which states that at various times during the trial in off-the-record, unreported arguments, the court was fully advised that defendant was insisting that by reason of lapse of time the Government was not entitled to the benefit of the permissible inference arising from the possession of stolen property. The fact that the issue may be raised in the course of the trial does not relieve the defendant from the requirements of Rule 30, supra, with respect to the requirements for preserving an exception to an instruction. If the point now under consideration is disposed of upon its merits, the result is no different. The interval between the theft and the proof of defendant's possession of the stolen money orders is not so great as to entitle defendant as a matter of law to a ruling that the permissible inference is not available. Whether the possession is sufficiently "recent" ordinarily presents a fact issue for the jury to be considered in the light of all the circumstances presented by the record. United States v. Allegrucci, 3 Cir., 299 F.2d 811, 815; Christensen v. United States, 104 U.S. App.D.C. 35, 259 F.2d 192, 193; Boehm v. United States, 2 Cir., 271 F. 454; Chambliss v. United States, 8 Cir., 218 F. 154.

No objection is made to the form of the instruction. The instruction with respect to the time element closely follows the instruction approved in United States v. Vanover, 7 Cir., 339 F.2d 987, 993.

### III.

■ Finally, defendant contends that the court committed error in rejecting his offer to prove by Agent Cloar that defendant surrendered in California shortly after he learned that a warrant was out for his arrest upon the charge here involved. The court sustained the Government's objection to such offer of proof, stating "There isn't any evidence in this case of flight." Prior thereto the Government had offered to prove defendant was arrested in California. Defendant objected on the ground that such evidence was too remote to show flight as the arrest occurred more than a year aft-

er the alleged crime. The defendant's objection was sustained.

We agree with the court that the issue of flight was not in the case. The fact that defendant surrendered when he learned that a warrant was out for his arrest has no material bearing upon the issue of his guilt or innocence of the crime charged. In any event defendant has failed to satisfy us that the exclusion of such evidence resulted in any prejudice to him.

The judgment appealed from is affirmed.