No. C-1631

**Langford Wells a/k/a Lankford Wells v.
The People of the State of Colorado**

(592 P.2d 1321)

Decided April 9, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Lee Belstock, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Robert C. Lehnert, Assistant, Appellate Section, for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The defendant was charged and convicted of aggravated robbery and conspiracy to commit aggravated robbery. The court of appeals affirmed, and certiorari was granted. We reverse because of deficiencies in the jury instructions.

On September 11, 1974, checks belonging to Diana Hansen were taken during an armed robbery by three men. Two months and nine days later, the defendant was arrested on an unrelated charge. He had in his possession one of Hansen's checks. On the basis of this possession, and an in-court identification by Hansen, the defendant was convicted.

## I.

■■■ Defendant contends prejudicial error occurred in the failure of the trial court to instruct the jury concerning the definition of aggravated robbery with which the defendant was charged in the information. We agree.

It appears from the record that the court assembled the instructions with which it charged the jury. No instruction was given defining the crime of aggravated robbery. Rather, the court instructed the jury on simple robbery alone, and this was not given in the context as a lesser included offense of aggravated robbery. The court then submitted to the jury a verdict form relating to aggravated robbery but none as to simple robbery. The jury returned its verdict of guilty as to aggravated robbery.

Neither the prosecution nor defense counsel was aware of the critical omission in the jury instructions and this error was not raised in defendant's motion for a new trial, being first presented on appeal to the court of appeals.

The court of appeals was of the opinion that the failure to instruct on aggravated robbery was not plain error. That court was of the view that the instructions, when read as a whole, were sufficient to instruct the jury adequately on all of the elements of aggravated robbery. We do not agree.

It is true that instruction No. 1-A recited to the jury the charges against the defendant as contained in the information. That instruction did not, however, particularize the elements of the offense of aggravated robbery, which is the function of the definitional instruction which should always be given as to every offense concerning which the district attorney seeks a conviction — here, aggravated robbery. *See* Colo. J.I. (Crim.) 15.2. Unaccountably, the trial court gave the definitional instruction on simple robbery, Colo. J.I. (Crim.) 15.1, which of course did not include the fundamental element which distinguishes simple robbery from aggravated robbery — that during the act of robbery or immediate flight therefrom the defendant is armed with a deadly weapon with *intent,* if resisted, to kill, maim, or wound the person robbed or any other person. Section 18-4-302(1)(a), C.R.S. 1973. The jury, thus, could have well found the defendant guilty of aggravated robbery, not knowing of the required element of specific intent. To say the least, the jury instructions were

ambiguous and confusing.

Concerning a similar situation, this court, in *People v. Archuleta,* 180 Colo. 156, 503 P.2d 346 (1972), stated as follows:

"It is true that defendant failed to preserve this issue in his motion for a new trial, and did not contemporaneously object to Instruction 10 on the specific grounds now before this Court. However, the trial court has a duty to properly instruct the jury on every issue presented. *Gonzalez v. People,* 166 Colo. 557, 445 P.2d 74, and the failure to do so with respect to the essential elements of the crime charged constitutes plain error. Where plain error affecting substantial rights appears, this Court in the interest of justice may and should deal with it, even though it is raised for the first time on appeal. *People v. Morant,* 179 Colo. 287, 499 P.2d 1173, *McRae v. People,* 101 Colo. 155, 71 P.2d 1042. * * *"

We view the failure of the trial court in this regard to be plain error requiring reversal.

## II.

The court instructed the jury as to the effect of the "unexplained and exclusive possession of property recently" taken in the robbery, as follows:

"You are instructed that if you believe from the evidence, beyond a reasonable doubt, that the property or some of the property of Diana Hansen Lockhart taken from her during the alleged robbery of September 11th, 1974, was shortly thereafter found in the exclusive possession of the defendant, then this possession serves to create an inference or incriminating circumstance that the defendant participated in said robbery and that such evidence, if established beyond a reasonable doubt, can be sufficient in and of itself to justify a verdict of "Guilty" for the charge of robbery in the absence of an explanation derived from the evidence in the case, raising a reasonable doubt as to the defendant's guilt.

"Yet, in order to give the circumstance the force of evidence sufficient to sustain a conviction, the possession must be exclusive, recent, and unexplained."

The defendant asserts that this instruction is improperly worded and allowed the jury to draw unwarranted inferences of guilt in this case, in violation of his right to due process of law.

This instruction is substantially similar to that discussed in *Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368 (1961), which involved a burglary case. This court noted in *Ciccarelli* that it did not commend the instruction as a model for use. However, the court concluded under the facts of that case that the giving of the instruction was not reversible error. Since we are reversing the judgment of conviction here on other grounds, it is not necessary tht we determine whether the alleged inadequacies of the instructions alone would require reversal on due process grounds. *See Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

We agree that the instruction might have been more precisely articulated in more detail, placing in focus the proper function of the inference that may arise from the unexplained and exclusive possession of property recently taken in a robbery.

We note that over the years instructions of this nature have often caused difficulty for trial judges and counsel. To the end that judges and counsel may be assisted in this regard and that problems involving use of such instructions may be held to a minimum, we discuss the underlying rationale justifying the use of such instructions. We also annex as an appendix a proposed instruction that may serve as a model, not only in robbery cases, but with appropriate modification in other theft related offenses.

Initially, we note that an instruction on the weight to be given the unexplained and exclusive possession of recently stolen property is of ancient vintage. *Barnes v. United States, supra; Wilson v. United States,* 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed.2d 1090 (1896); 1 *J. Wigmore, Evidence* § 152 (3rd ed. 1940).

Traditionally, in Colorado, the instruction has been applied in larceny or burglary cases. *People v. Bueno,* 188 Colo. 396, 534 P.2d 1196 (1975); *People v. McClendon,* 188 Colo. 140, 533 P.2d 923 (1975); *People v. Haggart,* 188 Colo. 164, 533 P.2d 488 (1975); *People v. Moen,* 186 Colo. 196, 526 P.2d 654 (1974); *People v. Austin,* 185 Colo. 229, 523 P.2d 989 (1974); *Diebold v. People,* 175 Colo. 96, 485 P.2d 900 (1971); *Noble v. People,* 173 Colo. 333, 478 P.2d 662 (1970); *Kimmel v. People,* 172 Colo. 333, 473 P.2d 167 (1970); *Wilcox v. People,* 152 Colo. 173, 380 P.2d 912 (1963); *Ciccarelli v. People, supra; Rueda v. People,* 141 Colo. 504, 348 P.2d 958 (1960); *Davis v. People,* 137 Colo. 113, 321 P.2d 1103 (1958); *Lombardi v. People,* 124 Colo. 284, 236 P.2d 113 (1951); *Collins v. People,* 69 Colo. 343, 193 P. 634 (1921); *Foster v. People,* 56 Colo. 452, 139 P. 10 (1914); and *Van Straaten v. People,* 26 Colo. 184, 56 P. 905 (1899).

More recently, it has been applied in robbery cases in Colorado, *Cruz v. People,* 147 Colo. 528, 364 P.2d 561 (1961); *People v. Brionez,* 39 Colo. App. 396, 570 P.2d 1296 (1977); *People v. Grubbs,* 39 Colo. App. 436, 570 P.2d 1299 (1977), as well as in many other jurisdictions. *United States v. Johnson,* 563 F.2d 936 (8th Cir. 1977); *United States v. Smith,* 468 F.2d 651 (5th Cir. 1972); *Pendergrast v. United States,* 135 U.S.App.D.C. 20 (1969), 416 F.2d 776; *Parker v. United States,* 404 F.2d 1193 (9th Cir. 1968); *State v. Rhymes,* 107 Ariz. 12, 480 P.2d 662 (1971); *Aiken v. State,* 226 Ga. 840, 178 S.E.2d 202 (1970); *People v. Stock,* 56 Ill. 2d 461, 309 N.E.2d 19 (1974); *State v. Singleton,* 210 Kan. 815, 504 P.2d 224 (1972).[1]

---

[1] We have found only one jurisdiction which refused to extend use of the instruction to robbery. *Bazemore v. Commonwealth,* 210 Va. 351, 170 S.E.2d 774 (1969).

■ Importantly, the unexplained, exclusive possession of recently stolen goods creates only an inference that the possessor was the robber. Unlike a presumption of law, which mandates a conclusion on the part of the jury, an inference merely affords the evidence its natural probative force, which the jury is free to accept or reject. The weight or force to be given the inference rests entirely with the jury. *Van Straaten v. People, supra.* Therefore, an instruction on unexplained and exclusive possession of recently stolen property should make the foregoing emphatically clear so as not to confuse the jury as to its function.

Another important aspect of the inference is the time lapse between the robbery and the discovery of the defendant's possession of the stolen property. The longer the intervening interval the weaker the inference. *Pendergrast v. United States, supra; Cloud v. United States,* 361 F.2d 627 (8th Cir. 1966).

■ Also, and most significantly, such an instruction cannot stand as a substitute for the proof of the corpus delicti of the crime. Before the jury may draw the inference, the state must first prove beyond a reasonable doubt that the aggravated robbery in fact occurred.

Two other important considerations involved in giving the instruction are the defendant's constitutional right to remain silent and the state's burden of proving the crime charged beyond a reasonable doubt. So to avoid confusion in these two areas the instruction should emphasize the defendant's right to remain silent and the proper allocation of the burden of proof.[2]

■ Initially, the trial judge must determine whether the instruction should be given at all. Whether there is an adequate evidentiary basis for the giving of the instruction depends on the lapse of time between the crime and the discovery of the possession along with all the other facts and circumstances, the type of property, the amount or volume of the property, and the ease or difficulty with which it may be assimilated into trade channels. *United States v. Wilson,* 523 F.2d 828 (8th Cir. 1975); *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972).

■ Focusing upon the challenged instruction given in the instant case, its most notable deficiency is that it does not explain the effect of the

---

[2] This court, in *People v. McClendon,* 188 Colo. 140, 533 P.2d 923 (1975), held that an instruction similar to that given in this case did not shift the burden of proof nor contravene the defendant's right against self-incrimination. We do not now disagree with *McClendon;* rather, because of the interaction between the inference, the state's burden of proof and the defendant's right to remain silent, we feel that the better procedure is to charge the jury as to all three in the same instruction.

passage of time on the weight to be given the inference.[3] The instruction merely stated that the possession must be "recent" or the property must have been found in the defendant's possession "shortly" after the robbery. As such, the instruction did not give the jury any guidance as to the interaction between the weight of the inference and the time interval involved. Guidance is especially necessary in this case, which involves a check, so readily a transferable kind of property.

Furthermore, although the instruction uses the word "inference," read as a whole it almost compels a verdict of guilt if the jury finds the possession to be exclusive, recent and unexplained. It does not alert the jury that it may accept or reject the inference based on all the surrounding circumstances.

Another failure in the challenged instruction is the direction that the inference from the exclusive, unexplained possession of the property taken in the robbery "can be sufficient in and of itself to justify a verdict of Guilty for the charge of robbery * * *." In effect, therefore, the instruction might be understood to relieve the state of its burden of proving beyond a reasonable doubt all the elements of robbery.[4]

With the foregoing principles in mind, and having considered recommended instructions on the inference,[5] we prospectively prohibit use of the instruction given in the instant case in any jury trials held hereafter. We recommend that the instruction set forth in the appendix be used in the retrial of this case and in future jury trials.

The judgment is reversed and the case is returned to the court of appeals with directions to remand the cause to the district court for a new trial.

---

[3] The defendant urges that the intervening interval of two months and nine days between the robbery and the discovery of the possession is too long, as a matter of law, to warrant giving the instruction. In other words, the defendant claims his possession was not "recent." As stated in *Rueda v. People,* 141 Colo. 504, 348 P.2d 958 (1960): "[W]hat is meant by 'recent' is to be determined by the facts in each particular case and it may vary from a few days to two years." Numerous courts have allowed the instruction involving time periods ranging from two to fifteen months. *See United States v. Wilson,* 523 F.2d 828 (8th Cir. 1975) (2 months); *United States v. Jacobs,* 475 F.2d 270 (2nd Cir. 1973) (2 months); *United States v. Martinez,* 466 F.2d 679 (5th Cir. 1972) (11 months); *United States v. Riso,* 405 F.2d 134 (7th Cir. 1968) (15 months); *United States v. Allegrucci,* 299 F.2d 811 (3rd Cir. 1962) (3 months); *United States v. DiCarlo,* 64 F.2d 15 (2nd Cir. 1933) (3 months); *Boehm v. United States,* 271 F. 454 (2nd Cir. 1921) (4 and 9 months).

[4] We are aware of the various cases which have held that a separate instruction on the state's burden of proof, as given in this case, cures the defect. We are of the view, however, because of the importance of this inference, it is desirable to emphasize in the same instruction that the inference is not operative until the state has satisfied its burden of proving the corpus delicti.

[5] *See Pendergrast v. United States,* 135 U.S.App.D.C. 20 (1969), 416 F.2d 776; *Orser v. United States,* 362 F.2d 580 (5th Cir. 1966); *E. Devitt and C. Blackmar, Federal Jury Practice and Instructions* § 15.29 (3rd ed. 1977).

## APPENDIX
### INSTRUCTION ON THE INFERENCE OF GUILT OF AGGRAVATED ROBBERY FROM THE DEFENDANT'S UNEXPLAINED POSSESSION OF PROPERTY RECENTLY STOLEN IN THE ROBBERY

Exclusive possession of property recently stolen in an [aggravated robbery], if not explained so to raise a reasonable doubt as to the defendant's guilt, is ordinarily a circumstance from which the jury may draw an inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession participated in the robbery.

You are not required to draw any conclusion from the exclusive, unexplained possession of recently stolen property, but you are permitted to infer, from the defendant's unexplained possession that the defendant is guilty of [aggravated robbery] if, and only if, in your judgment such an inference is warranted by the evidence as a whole. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence warrant any inference which the law permits the jury to draw from possession of recently stolen property. If the possession by the defendant of recently stolen property is consistent with his innocence, then the jury should acquit the defendant unless he has been proven guilty beyond a reasonable doubt by other evidence in the case.

"Recently" is a relative term which has no fixed meaning. Whether property may be considered as recently stolen depends upon all the facts and circumstances shown by the evidence. The longer the period of time since the [aggravated robbery], the weaker is the inference which may be drawn from the possession.

The defendant's possession of the recently stolen property does not shift the burden of proof. The burden of proof is always with the People to prove beyond a reasonable doubt every essential element of [aggravated robbery]. Before you may draw any inference from the defendant's unexplained possession of property stolen in an [aggravated robbery], you must first find that the People have proved beyond a reason doubt that the crime of [aggravated robbery] did in fact occur. If the People have proved beyond a reasonable doubt that the crime of [aggravated robbery] did in fact occur, then, but only then, may the defendant's unexplained possession of property stolen in that [aggravated robbery] permit you to infer that the defendant participated in the [aggravated robbery].

In considering whether the defendant's possession of the recently stolen property has been satisfactorily explained, you must bear in mind that the defendant is not required to take the witness stand or to furnish an explanation. His possession may be satisfactorily explained by other facts and circumstances shown by the evidence independently of any testimony

by the defendant himself. And even though the defendant's possession of the recently stolen property is unexplained, you cannot find him guilty if after a consideration of all of the evidence you have a reasonable doubt as to his guilt.

*NOTE ON USE*

The foregoing instruction may be modified for any other crime charged for which it is appropriate to give such an instruction, such as burglary, theft, etc., by inserting in the bracketed portion the name of the crime of which the defendant is accused. Other modifications may be appropriate so long as the substance of the instruction is not changed.