The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

William Harvey CLAY,
Defendant-Appellant.

No. 80CA1255.

Colorado Court of Appeals,
Div. I.

Jan. 7, 1982.

Rehearing Denied Feb. 4, 1982.

Certiorari Denied April 5, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Lynne Ford, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Suzanne Saunders, Elizabeth A. Joyce, Deputy State Public Defenders, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals his conviction of first degree aggravated motor vehicle theft under § 18-4-409(2)(a), C.R.S.1973 (1978 Repl. Vol. 8) (retention or possession for more than 72 hours). We affirm.

The evidence was undisputed that an automobile, owned by a rental company, disappeared from a service center in Durango, Colorado. Approximately 80 hours later, while driving the stolen car, defendant was stopped at a New Mexico State Police roadblock. Defendant did not testify, but there was testimony by the arresting officer that defendant told him he had borrowed the car from a friend. There was no evidence that defendant was seen taking the car, and there was no direct evidence that he possessed or controlled it during all of the 80 hours it was missing.

Defendant first contends that there was insufficient evidence to show that he exercised unauthorized control over the car for more than 72 hours and that an instruction erroneously permitted the jury to infer such control from defendant's possession of recently stolen property. We disagree.

■ If there is independent evidence which proves beyond a reasonable doubt that a theft occurred, defendant's possession of recently stolen property permits the jury to infer that defendant was the person who committed the theft. *Wells v. People*, 197 Colo. 350, 592 P.2d 1321 (1979). A jury can draw reasonable inferences that arise from the facts of the case. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973). Just as *Wells* would permit a jury to infer, on the evidence here, that defendant was the person who stole the property, a jury could also infer from the facts that defendant was the person who exercised control from the time of the theft to the time of apprehension.

Defendant's second contention is that the trial court erred in refusing to instruct the jury on the lesser included offense of second degree aggravated motor vehicle theft. Again, we disagree.

Second degree aggravated motor vehicle theft is committed if a defendant "knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception .... Section 18–4–409(4), C.R.S.1973 (1980 Cum.Supp.). First degree aggravated motor vehicle theft has the same elements except that one of several aggravating circumstances, such as retention of possession or control for more than 72 hours, must be proved. Section 18–4–409(2)(a), C.R.S.1973 (1978 Repl. Vol. 8).

Defendant reasons that the jury could have rationally entertained doubts that he possessed the stolen car for more than 72 hours because the People relied solely on the inference supplied by *Wells.* Defendant asserts that it was possible that, for example, he acquired the car from the actual thief less than 72 hours prior to his capture, and that if this were true, defendant would be not guilty of first degree, but guilty of second degree aggravated motor vehicle theft.

An instruction on a lesser included offense may be given only if there is some evidence to support it. *Beaudoin v. People,* Colo., 627 P.2d 739 (1981). There must be a "rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense," § 18–1–408(6), C.R.S.1973 (1978 Repl. Vol. 8); *People v. Lahr,* Colo., 615 P.2d 707 (1980), and the mere possibility that the jury might disbelieve the prosecution's uncontroverted evidence and find defendant guilty of a lesser charge does not require an instruction on the lesser charge. *People v. Saars,* 196 Colo. 294, 584 P.2d 622 (1978).

The evidence of defendant's statement that he borrowed the car from a friend was insufficient to support an instruction on second degree aggravated motor vehicle theft. If the jury believed that defendant had borrowed the car, he should have been found not guilty of any crime. If the jury did not believe him, defendant could only have been guilty of the greater offense, there being no other evidence that anyone other than defendant exercised con-

trol over the property during the time in question.

Defendant's other contentions are without merit.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.