The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Billy BEAMER, Defendant-Appellant.

No. 82CA0430.

Colorado Court of Appeals, Div. II.

May 19, 1983.

Rehearing Denied June 23, 1983.

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

· J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Jody Sorenson Theis, Deputy Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Billy Beamer, appeals his conviction for theft. We reverse and remand for new trial.

From late afternoon of May 23 to the early morning hours of 24, 1979, Beamer and Chuck Stuhme were drinking at bars in the towns of Pueblo and Penrose, Colorado. After "sleeping it off" for a short time in Stuhme's parked truck, Stuhme drove to the home of Harry Bernard, Jr., and his son. They awakened the son, who was alone in the house and who admitted them into the house before going back to sleep. The elder Bernard arrived later to find his front door "torn up," his son alone and asleep, and a sword, jewelry, and several firearms missing from his bedroom. Beamer and Stuhme were arrested for unrelated immigration violations one week later in Canada. Canadian authorities conducting a search incident to arrest discovered a sword beneath the truck's front seat. Beamer subsequently was returned to the United States to stand trial for theft.

At trial, Beamer testified that on the night of May 23 he had consumed drugs and "a lot" of alcohol, and that he was asleep from the time he and Stuhme left Penrose until they entered the Bernard house. There he fell asleep again, only awakening when Stuhme told him they were leaving.

Beamer first challenges the court's instruction that:

"defendant need not be in sole possession of the stolen goods but may be found guilty if the jury can reasonably conclude that he was aware of the stolen goods."

The People argue that the instruction explains the elements of possession and control in the theft statute. We agree with Beamer's contention that the instruction misstates the law.

■ First, the instruction improperly suggests that, in a prosecution for theft, guilt may be premised upon mere constructive possession of the stolen goods. Unexplained exclusive possession of recently stolen property creates no more than an *inference* of participation in the offense. *Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979). Here, the above instruction does not make it clear, as it must, that the jury may weigh the inference of participation and accept or reject it based upon all the surrounding circumstances. *Wells, supra; Van Straaten v. People,* 26 Colo. 184, 56 P. 905 (1899).

■ Second, it erroneously instructs the jury that it may reach an ultimate finding of guilt based on no more than a "reasonable conclusion" that Beamer was aware of the stolen goods. A finding of guilt must be based upon proof of each the elements of the offense beyond a reasonable doubt. Section 18–1–402, C.R.S.1973 (1978 Repl.Vol. 8); *People v. Ledman,* 622 P.2d 534 (Colo.1981). Among the elements of theft is the knowing exercise of control over anything of value of another without authorization. Section 18–4–401(1), C.R.S. 1973 (1978 Repl.Vol. 8). While cognizance of the presence of stolen goods is probative of the element of control, whether such control occurred must be determined from the evidence as a whole. *People v. Maes,* 43 Colo.App. 426, 607 P.3d 1028 (1979). An instruction which distorts the People's burden of proof and gives too much weight to any single aspect of the evidence misleads the jury and misstates the law. *Hendershott v. People,* 653 P.2d 385 (1982); *Gallegos v. People,* 166 Colo. 409, 444 P.2d 267 (1968).

Beamer also claims error in the court's failure to instruct the jury on the affirmative defense of voluntary intoxication. We agree that an appropriate instruction should have been given.

■ If specific intent is a requirement of the charged offense, voluntary intoxication of sufficient magnitude to negate the formation of such intent is an affirmative defense. Section 18–1–804(1) and 18–1–805, C.R.S.1973 (1978 Repl.Vol. 8); *People v. Barnhart,* 638 P.2d 814 (Colo.App.1981). Beamer was charged under, § 18–4–401(1)(a), (b), and (c), C.R.S.1973 (1978 Repl. Vol. 8), and the jury was instructed on all three theories of theft. Subsections (a) and (c) require a finding of specific intent, while subsection (b) requires only a showing of general intent.

■ Based upon testimony that Beamer had been drinking heavily and was drunk, Beamer tendered two instructions on the issue of voluntary intoxication as it relates to the question of capacity to form the specific intent under subsections (a) and (c). Once the issue of impaired mental condition is raised, as it was by testimony concerning Beamer's drunkenness on the night of the crime, the People must prove his capacity to form the requisite specific intent, as well as all other elements of the offense, beyond a reasonable doubt. *People v. Ledman, supra.* The court's failure to instruct the jury properly on all matters of law pertaining to mental state violates a defendant's right to due process. *Hendershott v. People, supra; People v. Mattas,* 645 P.2d 254 (Colo.1982). The jurors should have been instructed that they could consider evidence of self-induced intoxication as bearing on Beamer's ability to act intentionally, but not for the purpose of acting

knowingly. *People v. Roark,* 643 P.2d 756 (Colo.1982).

Beamer's final contention—that he was denied a bill of particulars specifying which portion of the theft statute the People intended to pursue—is without merit. The record discloses that the court and the People complied with defense counsel's request under § 18–4–401(6), C.R.S.1973 (1978 Repl.Vol. 8) when the People admitted that it would not proceed on § 18–4–401(1)(d), C.R.S.1973, and would instead prosecute under subsections (a) through (c). Because Beamer has demonstrated neither an inability to prepare his defense nor any prejudicial surprise by the court's failure to require a more particularized statement of the charges against him, we find no abuse of discretion in the court's resolution of the issue. *People v. District Court,* 198 Colo. 501, 603 P.2d 127 (1979); *Balltrip v. People,* 157 Colo. 108, 401 P.2d 259 (1965).

The judgment of conviction is reversed and the cause is remanded for new trial.

PIERCE and SMITH, JJ., concur.