The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Langburn FISHER, Defendant-Appellant.

No. 83CA0994.

Colorado Court of Appeals, Div. III.

April 25, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dolores S. Atencio, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, Langburn Fisher, appeals from a judgment of conviction entered in

1983 on a jury verdict finding him guilty of eleven counts of burglary and three counts of class 3 and seven counts of class 4 theft committed in 1982. We reverse and remand for a new trial.

## I.

■ In instructing the jury concerning the inference that arises from evidence of exclusive, unexplained possession of recently stolen property, the trial court, over defense objections, used the language which was specifically prohibited in *Wells v. People*, 197 Colo. 350, 592 P.2d 1321 (1979). For the reasons set forth in *Wells*, we agree with defendant that giving this instruction was reversible error.

## II.

■ Defendant contends that the charges must be dismissed because there was insufficient evidence that he entered into or remained unlawfully in the homes of the burglary victims or that he unlawfully took their property. We do not agree.

Other than admissions of defendant, there was no eyewitness testimony. However, there was sufficient circumstantial evidence presented, together with the reasonable inferences drawn therefrom, to establish that these crimes were committed and that defendant was the perpetrator thereof. *See People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

## III.

In view of the conclusion in I above, it is unnecessary to address defendant's other contentions for reversal. The Oklahoma confession and the recovered stolen goods were properly admitted at the first trial, but we cannot predict how that evidence will be presented on retrial.

The judgment is reversed, and the cause is remanded for a new trial.

SMITH and BABCOCK, JJ., concur.