[No. 4532.]

## KOMRS v. THE PEOPLE.

1. **Appellate Practice—Insufficiency of Evidence—Motion For New Trial—Assignment of Error.**

A defendant in a criminal case is not in a position to question the sufficiency of the evidence to sustain a conviction where that ground is neither included in his motion for new trial or assignment of errors.

2. **Practice in Criminal Cases—Instructions—Assumption of the Commission of the Crime.**

In a prosecution for robbery where there was no dispute at all that a robbery was committed, and the only defense made was that it was done by another and that the defendants had no part in it, and that instead of encouraging or assisting the criminal they came to the rescue of the injured party, an instruction that "if you believe beyond a reasonable doubt from all the facts and circumstances and evidence in this case that these men aided, abetted and encouraged the robbery of this woman then you may find them guilty as charged in this information," is not reversible error because it assumes the commission of the robbery instead of requiring the jury to find such fact beyond a reasonable doubt from the evidence.

3. **Instructions—Accessories.**

An instruction that "the statute provides that where a person stands by, aids, assists or encourages in the perpetration of a crime he is just as guilty as the person who does it and is to be punished as a principal," is not fatally erroneous because it omits the word "and" after the words "stand by," where later in the same instruction the jury were expressly told that if the defendants "aided, abetted and encouraged" the crime, they might be found guilty.

*Error to the District Court of Arapahoe County.*

Mr. GEORGE P. STEELE and Messrs. O'NEILL & GILBERT, for plaintiff in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE and Mr. H. J. HERSEY, assistants attorney general, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The information charged two defendants with robbery, under which they were jointly tried and convicted. One of them, plaintiff in error, seeks a reversal because, he says, the evidence was insufficient to sustain the verdict, and the court gave an erroneous instruction to the jury.

1. If a party who brings his case to an appellate court wishes to question the sufficiency of the evidence, good practice requires that he should have included in his motion for a new trial that ground of objection and obtained an adverse ruling of the trial court upon it. That was not done here. Nor has plaintiff in error included it in his assignment of errors as required by rule 11.

We have, however, carefully read the evidence as abstracted, and are not prepared to say that, if this ground of objection had been properly saved and presented, the evidence is not legally sufficient to support the verdict. We are entirely safe in saying that defendant is not in a position to be heard upon it.

2. Mrs. Kelly, the prosecuting witness, was robbed on or near a public street of Denver about ten o'clock at night and a pocketbook containing money taken from her person. The one who physically laid hands upon her and seized the pocketbook escaped and has not since been apprehended. The evidence tended to show that defendants were present and aided and abetted in the commission of the crime. This much in explanation of an instruction in which the court substantially said that the evidence did not prove that either one of the defendants touched the prosecuting witness, so that, if that were all there was in the case, a verdict of acquittal would have to be returned, and thus proceeded: "The statute provides that where a person stands by, aids, assists or encourages in the perpetration of a crime he is just as guilty as the person who does it and is to be pun-

ished as the principal; so that if you believe beyond
a reasonable doubt from all the facts and circum-
stances and evidence in this case that these men
aided, abetted and encouraged the robbery of this
woman then you may find them guilty as charged in
this information.''

One objection is that the court therein assumed
the existence of a robbery which it was incumbent
upon the prosecution to establish beyond a reasonable
doubt. The court might properly have said ''the
alleged robbery'' if for no other reason than to avoid
the present assignment; but it is not necessarily re-
versible error if a court in an instruction assumes the
existence of a material fact. The defendants them-
selves testified that they heard the prosecuting wit-
ness scream when she was assaulted and her pocket-
book taken from her, and that they rushed to her as-
sistance when they were charged as being accessories.
There was no dispute at all that a robbery was com-
mitted, and the only defense made was that these
defendants had no part in it, but that another did it,
and instead of encouraging or assisting the criminal,
they came to the rescue of the injured party. In such
circumstances, the assumption of this undisputed fact
was not reversible error.—*Davis v. The People,* 114
Ills. 86; *Hanrahan v. The People,* 91 Ills. 142; *Martin
v. The People,* 13 Ills. 341; *Noble v. The People,* 23
Colo. 9.

Another objection is that the crime was not de-
fined in the language of the statute. At common law
an accessory before the fact is he who, being absent
at the time of the actual perpetration of the offense,
procures, counsels, commands, assists or abets an-
other to commit it. One who is present aiding and
abetting the fact to be committed was considered a
principal in the second degree.—1 Enc. Pl. & Pr. 66;
1 Am. & Eng. Enc. Law (2d ed.), 257, *et seq.* Under

our statute, however, both of these are considered as accessories before the fact and ought to be proceeded against as principals.—Mills' Ann. Stats., sec. 1168. It reads: "An accessory is he or she who stands by *and* aids, abets or assists, or who, not being present, aiding, abetting or assisting, hath advised and encouraged the perpetration of the crime." In the first part of the instruction as given, the italicized word "and" is omitted, and this omission is said to be fatal. Taken in connection with the closing part of the instruction, we think that the jury were not thereby misled. They were expressly told that if the defendants "aided, abetted *and* encouraged" the robbery, they might be found guilty.

No prejudicial error having been shown, the judgment is affirmed.

*Affirmed.*