No. 26411
No. 26479

## The People of the State of Colorado v. Herbert Lee Jones

(553 P.2d 770)

Decided August 23, 1976.

386

J. D. MacFarlane, Attorney General, Jean Dubofsky, Deputy, Edward G. Donovan, Solicitor General, John R. Rodman, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The appellant, Herbert Jones, was convicted in a jury trial of aggravated robbery and conspiracy. He raises three issues in this appeal. We affirm the convictions.

On August 23, 1973, at approximately 12:30 p.m., a Denver Texaco station was robbed by two men, one of whom displayed what appeared to be a gun. About one week later, two of the station employees were shown

a photograph lineup and identified the appellant as one of the robbers. The station manager, also present at the time of the robbery, was unable to make an identification from the photograph lineup. The day after the photograph identification, a police lineup was held, at which the same two station employees identified the appellant. The station manager did not attend the police lineup.

Prior to trial, the appellant filed a motion to suppress both the out-of-court identifications and any in-court identifications to be made by the witnesses. The motion to suppress was denied. At trial all three witnesses identified the appellant.

At the close of the evidence, the trial court instructed the jury, in a portion of Instruction Number 18, that the following "special rule" was applicable:

"Possession of any article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon, or any verbal or other representation by the defendant that he is then and there so armed, may be considered by the jury as evidence that the defendant was so armed."

The instruction was derived from 1971 Perm. Supp., C.R.S. 1963, 40-4-302(2)[1] which reads exactly as the instruction except that the statute provides that such possession "is prima facie evidence . . . that he was so armed."

## I.

The appellant contends that the quoted portion of Instruction Number 18 was improperly given, since it assumed controverted facts and shifted the burden of proof to the defendant. Further, the appellant argues that C.R.S. 1963, 40-4-302(2) is unconstitutional, since it contains a presumption which shifts the burden of proof to the defendant.

Without deciding whether the instruction does indeed assume certain facts, we note that the issue of whether the robber made a representation that he possessed a deadly weapon was not controverted at trial. There was no dispute that a robbery occurred or that one robber displayed what appeared to be a gun. An instruction which assumes uncontroverted facts is not grounds for reversal. *King v. People*, 67 Colo. 510, 186 P. 521 (1920); *Komrs v. People*, 31 Colo. 212, 73 P. 25 (1903). Further, the instruction does not shift the burden of proof; rather, the instruction, and statute, merely shift "the burden of going forward with respect to certain evidence." *People v. Lorio*, 190 Colo. 373, 546 P.2d 1254 (1976).

Finally, we dealt with the same constitutional issue raised here in *People v. Lorio, supra*, and held the statute constitutional. We adhere to the *Lorio* decision.

[1]Now section 18-4-302(2), C.R.S. 1973.

## II.

Next, the appellant asserts that the trial court incorrectly denied the motion to suppress the out-of-court and in-court identifications. The appellant argues that because his was the only picture of a man with a scar shown in the photograph lineup the lineup was impermissibly suggestive and tainted any later identifications.

The witnesses were originally shown a photograph lineup that did not include a picture of the appellant. None of the witnesses made a positive identification. In the second photo lineup, all of the photographs were of young, black males, with hair style similar to the appellant's. Testimony at trial indicated that the police made no suggestive comments when the photographs were shown to the witnesses, and the two witnesses made their identifications out of the presence of each other. Further, at the police lineup all persons in the lineup wore tape on the left cheek area where the appellant's scar appears. This procedure was adopted at the suggestion of appellant's counsel who was present at the lineup.

■ We begin by noting that the claim that identification procedures were impermissibly suggestive must be evaluated in light of the totality of the surrounding circumstances. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

■ Further, the United States Supreme Court stated in *Simmons v. United States, supra*, that convictions based on an eyewitness identification at trial following a pre-trial photo identification will be set aside "only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." 390 U.S. at 384, 88 S.Ct. at 971, 19 L.Ed.2d at 1253.

■ We have examined the photographs shown to the witnesses. The scar in question is barely visible in the photograph used in the photographic identification procedure. In our view, there is no compelling evidence to indicate that the appellant's picture so stood out in the photograph lineup that we should reverse the trial court's finding that the procedures used were not suggestive. Indeed, the pictures are of such poor quality it is difficult to determine who in the lineup does and does not have a scar on the left cheek area. This is in contrast to the circumstances in *United States v. Sanders*, 479 F.2d 1193 (D.C. Cir. 1973), relied upon by the appellant, where the court stated that "[t]he stark fact is that appellant fairly leaps out of the pictures as the one person who is different. . . ." 479 F.2d at 1197. In *Sanders* the defendant was the only person in the lineup with facial hair and a stout appearance. Furthermore, the investigating officer made a suggestive comment to one witness as he viewed the photographs.

In *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the Supreme Court stated:

"[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." 409 U.S. at 199-200, 93 S.Ct. at 382, 34 L.Ed.2d at 411.

In the instant case, the robbery took place in daytime; no mask was worn by the robber; the two witnesses who identified the appellant in the photograph lineup did so outside of each other's presence, and the police made no suggestive comments during the photograph lineup. Moreover, there were no significant discrepancies between the witness' description of the robber and the appellant's actual appearance. Finally, the identifications made by each witness were subject to thorough cross-examination at the trial. *See Simmons v. United States, supra; United States v. Yanishefsky*, 500 F.2d 1327 (2d Cir. 1974); *Neighbors v. People*, 171 Colo. 349, 467 P.2d 804 (1970). Under the circumstances here present, the trial judge properly denied the motion to suppress.

### III.

Lastly, the appellant argues that the evidence adduced at trial was insufficient to support the robbery and conspiracy convictions. This argument is wholly without merit in view of the identification of the appellant by the three witnesses. The appellant's entire defense consisted of testimony that the alleged getaway car had a standard transmission and that the appellant could not drive a standard transmission automobile. The evidence was sufficient to support the convictions. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973); *Lofton v. People*, 168 Colo. 131, 450 P.2d 638 (1969).

The judgment is affirmed.

MR. JUSTICE LEE does not participate.