MR. JUSTICE HODGES
delivered the opinion of the Court.
Defendant was convicted by a jury of aggravated robbery and he was sentenced to a term in the state penitentiary. On this appeal, the defendant urges reversal of his conviction on several grounds. We affirm.
The defendant challenges the constitutionality of a section of the aggravated robbery statute[1] which makes a robber’s representation that he is armed prima facie evidence that he is in fact armed. Defendant argues that this statutory provision denies him due process by shifting the prosecution’s burden of proof. This contention was fully discussed and rejected in People v. Lorio, 190 Colo. 373, 546 P.2d 1254 (1976). We adopt the rationale and reaffirm the rule of Lorio. See also People v. Murphy, 192 Colo. 411, 559 P.2d 708, and People v. Jones, 191 Colo. 385, 553 P.2d 770 (1976). Cf. People v. McClendon, 188 Colo. 140, 533 P.2d 923 (1975).
The defendant also contends that the trial court erred in denying his motion for judgment of acquittal. He argues that the evidence presented was insufficient to support his conviction for aggravated robbery because it did not reveal that any weapon was ever seen by the victim, who only could speculate that a gun was pointed at her back.
The record shows that the victim, while working at a restaurant, saw a man enter whom she identified as the defendant. The man was carrying a black suitcase which contained something that “rattled.” Sometime later, the same man asked for some change to play the jukebox. When the victim turned to the cash register, she felt something placed against her back that felt like a gun. The man told her, “Don’t turn around or I’ll shoot you,” and “Give me all your money.” The man then departed. Fingerprints, which matched the defendant’s were found at the restaurant. This evidence when viewed in a light most favorable to the prosecution, is sufficient to support the conclusion by the jury that defendant committed the robbery and that he was armed with a deadly weapon. Phillips v. People, 170 Colo. 520, 462 P.2d 594 (1969). See also People v. Bennett, 183 Colo. 125, 515 P.2d 466 (1973).
Defendant’s final ground for reversal is that the trial court improperly instructed the jury that it may infer that defendant was armed with a deadly weapon from any verbal or other representations made by him to that effect. Defendant argues that this instruction assumes controverted facts; that it shifts the burden of proof away from the prosecution; and *537 that it unduly emphasizes a portion of the evidence.
The instruction is identical to the instruction in People v. Jones, supra. It is phrased in the language of the statute, with the exception that it does not state that representations of being armed shall be considered “prima facie” evidence that the defendant was armed. We have previously held that the statute and such an instruction do not operate to shift the burden of proof and we adhere to that holding. People v. Jones, supra.
Moreover, the evidence was undisputed in this case that a robbery occurred; that the robber held an object to the victim’s back; and that he threatened to shoot her if she did not hand over the money. Consequently, the instruction only assumes uncontroverted facts, if in fact it assumes anything.
Judgment affirmed.
MR. JUSTICE KELLEY does not participate.

 Section 18-4-302(2), C.R.S. 1973.