**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Gilbert R. LOPEZ, Defendant-Appellant.**

No. 77-905.

Colorado Court of Appeals, Div. I

Dec. 28, 1979.

J. D. MacFarlane, Atty. Gen., Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief App. Deputy Dist. Atty., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Arthur S. Nieto, Sp. Deputy Public Defender, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals from his conviction by a jury of first degree assault. We affirm.

Defendant first contends that the court erred in not suppressing the in-court identification of the defendant by the prosecution's two main witnesses. His argument is based on the premise that a pre-trial photo-identification procedure was illegal or suggestive and that the prosecution failed to prove that the in-court identification was in no way influenced by the improper identification procedure. We agree with the principles of law relied on by defendant, but find no error in the court's ruling.

The primary question is whether the photo lineup was so impermissibly suggestive as to give rise to a very substantial likelihood that irreparable misidentification would occur when the testimony was offered in court. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *People v. Jones*, 191 Colo. 385, 553 P.2d 770 (1976). The validity of such a claim must be evaluated in light of the totality of the surrounding circumstances. *People v. Jones, supra.*

It first should be noted that defendant does not deny that he was at the scene of the assault. The identification issue is whether defendant was the one who stabbed the victim. The assault took place in daylight, and each witness testified to seeing the defendant standing over the victim. The day after the incident, and prior to the display of photos, one witness identified defendant by name as the man he had seen standing with a knife over the bloody victim, and also identified by name the other two men present. Each witness was alone when the photos were displayed, and there was no indication in the record that the detective suggested to either witness that other evidence pointed to defendant. There was no indication of uncertainty or hesitation by either witness at the initial identification and neither waivered in court, despite cross-examination. *See Simmons v. United States, supra; People v. Jones, supra; People v. Trujillo*, 40 Colo.App. 186, 576 P.2d 179 (1977). Each photo was of a young male with long, dark hair, and two had facial hair. Thus, there was not such great disparity in the photos that the display can be called suggestive, per se. *People v. Jones, supra.*

Under all the circumstances, we conclude that the pretrial identification procedure was not improper. Therefore, because the in-court testimony was not the by-product of an impermissibly suggestive pre-trial procedure, it is not necessary that the prosecution establish an independent basis for the in-court identification by either witness. Accordingly we do not reach the applicability of the test set forth in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). See also *Huguley v. People*, 195 Colo. 259, 577 P.2d 746 (1978).

■ Defendant next contends that the trial court erred in refusing to give his theory of defense instructions. We find no error.

As previously indicated, defendant did not deny his presence at the scene but claimed that it was "Jimbo" (one of his companions) who stabbed the victim. One of his tendered instructions directed the jury not to consider presence at the scene as an indication of guilt. The other instruction at issue focused on consideration of all testimony, weighing the means of identification and the circumstances under which witnesses identified defendant, and the necessity of finding beyond all reasonable doubt that defendant was correctly identified as the perpetrator of the offense. These instructions were covered, however, by the instructions given on presumed innocence, the definition of specific intent, the other elements of the offense, and the credibility of witnesses instruction. Thus, refusal of the defendant's tendered instructions was not error. *People v. Lopez*, 182 Colo. 152, 511 P.2d 889 (1973); *People v. Villafranca*, 38 Colo.App. 369, 559 P.2d 1116 (1976), *aff'd in part and reversed in part*, 194 Colo. 472, 573 P.2d 540 (1978).

■ Finally, defendant suggests that the trial court erred by giving repetitious prosecutor's instructions regarding inconsistent statements of a witness. We disagree.

Defendant contends that the instruction relating to "the fact, if it is a fact, that . . . a witness' testimony has been contradicted" is so broad as to duplicate another instruction regarding prior impeaching statements of a witness. The instructions were not repetitive because the latter incorporated § 16–10–201, C.R.S.1973, allowing prior inconsistent statements to be considered by the jury not only as a test of credibility but also as substantive proof of fact.

We have considered defendant's alleged error concerning the prosecutor's leading questions, and find it to be without merit.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.