The **PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Fletcher L. WEEMS,**
**Defendant-Appellant.**

**No. 82CA0549.**

Colorado Court of Appeals,
Div. II.

Oct. 20, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Terri L. Brake, Chief Appellate Deputy, Denver, for defendant-appellant.

VAN CISE, Judge.

Contending that the evidence was insufficient, defendant appeals a judgment of con-

viction of second degree burglary entered on a finding of guilty in a trial to the court. We reverse.

As found by the court, at some time between 10 p.m. on the 16th and 7:30 a.m. on the 17th of November, 1981, a burglary occurred at the Profile Gallery in Denver. A number of things were stolen, including a stereo, speakers, many·tapes, and several prints.

Defendant was a resident of Bails Hall Community Center, a work release facility located at 1735 York Street in Denver. On the night of the burglary, defendant was at work at a restaurant at 2310 East Colfax Avenue from 9 p.m. on the 16th until 4 a.m. on the 17th. At that time, he and Mary Shell, the assistant manager of the restaurant, walked across the street and played pinball for an hour to an hour and a half. Then he left and headed for Bails Hall on foot.

He was next seen at some time between 5:30 and 5:50 a.m. at the cook shack at Bails Hall, having breakfast. He had nothing with him. He signed into the residential building between 6:00 and 6:30 a.m.

Because of a tip from an unidentified informer, who also named the Profile Gallery as having been burglarized, the director of Bails Hall checked defendant's room in the late morning of November 17th. Defendant was in bed. A stereo and two speakers were on a shelf, a large plastic bag of eight-track tapes was in the middle of the floor, and art supplies and a number of prints were under the bed. These items were later identified as having been stolen from the Profile Gallery.

The gallery owner testified that two months before the night of the burglary, defendant had been in the gallery and had talked to the owner about enrolling in an art class. Other than this, there was no evidence of anyone seeing defendant at the scene of the burglary, no fingerprints that would indicate he had been there, and no prints on any of the stolen property were identified as his.

"Exclusive possession of property recently stolen in [a burglary], if not explained so to raise a reasonable doubt as to the defendant's guilt, is ordinarily a circumstance from which the [fact-finder] may draw an inference and find, in the light of surrounding circumstances shown by the evidence in the case, that the person in possession participated in the [burglary]." *Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979). However, this unexplained possession serves only to permit an inference of guilt to be drawn and the People still have the burden of proving the crime charged beyond a reasonable doubt. *Wells v. People, supra.*

Here, in determining that defendant was guilty, the court relied almost entirely on the inference that arose from his possession of the stolen goods.

In support of the inference, the court first found that the Profile Gallery was located at *2015 East 17th Avenue.* It next found that defendant could not have committed the burglary when he was at work, and that he was at work until about 4 a.m., and then played pinball with Mary Shell for "perhaps an hour, hour and a half." It then stated:

"It's clear that the time thing is somewhat troubling here because there wasn't very much time for Mr. Weems to have done this from the time he left Mary Shell 'til he was seen at Bails Hall at breakfast, but it does seem to me that there is sufficient time *because the Profile Gallery is located just two blocks from Bails Hall.*

"There are a number of things that bring me to the conclusion that the defendant did commit this crime. He had been in the shop and was familiar with it, *and the shop is only two blocks away....*" (emphasis supplied)

The trial court's finding as to the location of the Profile Gallery was not supported by the evidence. It is undisputed that the gallery was located not at 2015

East 17th Avenue, which is three and a half blocks (not two blocks) from Bails Hall at 1735 York Street, but at 1735 East 16th Avenue, which is eight blocks from Bails Hall. Within the time frame in this case, based on the court's other findings, it was not possible for defendant to have walked eight blocks to the gallery, broken in, picked out items to take, loaded plastic bags with the stolen objects, and then carried them back to Bails Hall.

Defendant was charged with burglary, not with possession of stolen goods. Even aided by the inference, the evidence was insufficient to prove the charge of burglary.

In view of this disposition, we need not address defendant's other contention.

The judgment is reversed, and the cause is remanded with directions to enter a judgment of acquittal.

SMITH and KELLY, JJ., concur.