The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Michael MILLIGAN,
Defendant-Appellant.

No. 84CA0433.

Colorado Court of Appeals,
Div. II.

Aug. 22, 1985.

Rehearing Denied Sept. 19, 1985.

Certiorari Denied (Milligan)
Feb. 10, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

Michael D. Brown, Michael Cox, Arvada, for defendant-appellant.

BABCOCK, Judge.

Defendant, Michael Milligan, appeals from the judgment of conviction entered upon jury verdicts finding him guilty of sexual assault in the first degree and first degree burglary and from the sentences imposed thereon. We affirm.

## I.

Defendant first asserts that the trial court erred when, following an in camera hearing, it admitted testimony concerning prior similar acts for the purpose of establishing modus operandi and as relevant to the key issue of identity. He argues that: (1) The prosecution failed to establish its prima facie case pursuant to § 16–10–

301(4), C.R.S. (1978 Repl.Vol. 8); (2) the in-court identification of defendant by the victim of the prior acts was tainted by unduly suggestive out-of-court procedures; and (3) the evidence of the prior acts was too dissimilar to warrant admission of this evidence. We disagree with these contentions.

### A.

■ Evidence of prior similar acts is admissible to show in an attempt to prove identity, modus operandi, and this is particularly so in sexual assault cases. Section 16–10–301, C.R.S. (1978 Repl.Vol. 8); *People v. Vollentine*, 643 P.2d 800 (Colo.App. 1982). Section 16–10–301(4), C.R.S. (1978 Repl.Vol. 8) provides:

"Before admitting evidence of similar acts or transactions, the court must find that the people have introduced sufficient evidence against the defendant to constitute a prima facie case, warranting submission of the case to the jury on the evidence presented other than that of similar acts or transactions."

Whether this statutory condition for admissibility has been met is a question within the trial court's discretion. *People v. Vollentine, supra; Pigford v. People*, 197 Colo. 358, 593 P.2d 354 (1979).

Here, the victim was blindfolded and could not identify defendant as her attacker. Thus, absent evidence of the prior acts, the only substantial evidence relevant to the issue of identity was defendant's recent, unexplained, exclusive possession of a check taken from the victim's apartment during the assault. Defendant contends that the trial court erred when it ruled this evidence sufficient to meet the prima facie proof requirement of § 16–10–301(4), C.R.S. (1978 Repl.Vol. 8). We disagree.

■ Exclusive possession of property recently stolen during the commission of a crime, if not explained so as to raise a reasonable doubt as to the defendant's participation in the crime, is ordinarily a circumstance from which the trier of fact may draw an inference that the person in possession participated in the crime. *See*

*Wells v. People*, 197 Colo. 350, 592 P.2d 1321 (1979).

■ An inference affords the evidence its natural probative force which the jury is free to accept or reject. *See* CRE 401. The weight or force to be given the inference rests entirely with the jury. *Wells v. People, supra.*

■ The corpus delecti of the crime must be established before the fact finder may draw the inference. *Wells v. People, supra.* An important aspect of the inference is the time lapse between the crime and the discovery of the defendant's possession of the stolen property. *Wells v. People, supra.*

■ A verdict of guilt cannot rest entirely on the inference of defendant's participation in the crime charged which is drawn from recent unexplained, exclusive possession of stolen property. *People v. Weems*, 676 P.2d 1222 (Colo.App.1983). However, if relevant to a material issue in the case, recent, unexplained, exclusive possession of stolen property may be an evidentiary factor to be considered in light of all the other evidence in the case. *See People v. Weems, supra;* CRE 401 and 403.

■ The trial court found that the corpus delecti of first degree sexual assault and first degree burglary were established by the victim's testimony. It further found that defendant's negotiation of the check within hours of the time it was taken from the victim's apartment was probative of the identity of defendant as the perpetrator of the crimes charged. Thus, the trial court concluded that there was sufficient evidence against defendant, other than that of similar acts, to constitute a prima facie case warranting submission of the case to the jury.

These findings, which are supported by the record, will not be disturbed on review. *See People v. Fish*, 660 P.2d 505 (Colo. 1983). We conclude that the trial court did not err when it ruled that the prosecution's evidence was sufficient to meet the prima facie requirement of § 16–10–301(4), C.R.S.

(1978 Repl.Vol. 8). *See Wells v. People, supra;* CRE 401 and 403. Hence, there was no abuse of discretion. *See People v. Vollentine, supra.*

### B.

Defendant next claims that his in-court identification by a victim of prior acts was unreliable and tainted by unduly suggestive out-of-court procedures. Again, we disagree.

A claim that identification procedures were impermissibly suggestive must be evaluated in light of the totality of the surrounding circumstances. *People v. Horne,* 619 P.2d 53 (Colo.1980).

Here, the trial court found, upon supporting evidence, that the out-of-court identification procedures utilized in conjunction with a photographic array were not impermissibly suggestive. It also found that, although the witness had contact after the photo lineup with two other alleged victims of defendant and a boyfriend of one of these victims, the witness' identification was untainted by the contact. We find no error. *See People v. Horne, supra; People v. Jones,* 191 Colo. 385, 553 P.2d 770 (1976).

Moreover, the trial court made detailed findings, supported by the record, upon which it concluded that an independent source for the witness' identification of defendant existed, notwithstanding any suggestive feature of an out-of-court procedure. *See People v. Horne, supra; Huguley v. People,* 195 Colo. 259, 577 P.2d 746 (1978). Thus, the trial court correctly admitted the witness' identification of the defendant as the perpetrator of the prior acts.

### C.

We likewise find no merit in defendant's contention that the evidence of the prior acts was too dissimilar to warrant admission at trial.

The degree of similarity is a matter to be determined within the discretion of the trial court. *People v. Henry,* 195 Colo. 309, 578 P.2d 1041 (1978); *People v. Mathes,* 703 P.2d 608 (Colo.App.1985).

The trial court found that similarity of time and sexual contact were alone insufficient to warrant admission of the evidence. However, it found that the prior incidents were similar to the acts underlying the charges in the following respects: Bank items were taken from each victim's apartment after the perpetrator went through drawers, purses, and luggage; in each instance the perpetrator showered after the assault, cooked and ate food, and thereafter, laid down next to the bound victim for a period of time. In view of these findings, which are supported by the record, we conclude that the trial court did not err in admitting this testimony. *People v. Mathes, supra.*

### II.

Defendant next argues that the trial court committed plain error by failing sua sponte to instruct the jury on the proper use of evidence of recent unexplained possession of stolen goods. We find no error.

Defendant neither objected to the prosecution's in camera offer of this evidence in support of its prima facie showing of admissibility of similar acts pursuant to § 16–10–301(4), C.R.S. (1978 Repl.Vol. 8), nor to the admission of testimony by a bank employee that defendant cashed the check taken from the victim's apartment the day following the assault. And, defendant neither requested an instruction on recent unexplained exclusive possession of stolen goods, tendered an instruction thereon, nor objected to the instructions given by the trial court at the conclusion of trial. In essence, defendant argues for the first time that the probable misuse of this evidence by the jury as substantive evidence of his guilt outweighed any probative value it might have had. *See* CRE 403.

It is reversible error to refuse, when requested, to instruct properly concerning the inference that may be drawn from evidence of exclusive unexplained possession of recently stolen property.

*People v. Fisher*, 700 P.2d 931 (Colo.App. 1985). We hold, however, that since defendant failed to object to the evidence when admitted at trial and failed to request or tender a proper instruction upon the use of this evidence, there was no error in the trial court's failure sua sponte to give the instruction. *See People v. Watson*, 668 P.2d 965 (Colo.App.1983); CRE 103; *People v. Buckner*, 180 Colo. 65, 504 P.2d 669 (1972); Crim.P. 30; *see also Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959).

### III.

 Defendant finally claims that the trial court erred by imposing sentences beyond the presumptive range. We conclude from the record that the findings of the trial court support fully the sentences imposed, *see People v. Phillips*, 652 P.2d 575 (Colo.1982), that the sentences imposed are consistent with the purposes of § 18–1–102.5(1), C.R.S. (1984 Cum.Supp.), *see People v. Piro*, 671 P.2d 1341 (Colo.App.1983), and that there was no abuse of discretion. *See Flower v. People*, 658 P.2d 266 (Colo. 1983).

The judgment of conviction and sentences are affirmed.

KELLY and METZGER, JJ., concur.