THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTHUR A. MODLIN, Defendant-Appellant.

Fourth District   No. 15221

Opinion filed May 21, 1979.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Marc D. Towler and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant, Arthur A. Modlin, was convicted in a jury trial on August 31, 1978, in the circuit court of Macon County, of retail theft (Ill. Rev. Stat. 1977, ch. 38, par. 16A—3(a)), and theft of property having a value less than $150 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1). He was sentenced to serve concurrent sentences of 364 days on each conviction.

The defendant's first contention in this direct appeal is that the evidence was insufficient to convict him of retail theft in that all that was presented was circumstantial evidence of presence and flight.

The charges of retail theft were supported by the following facts. On May 3, 1978, at approximately 7:15 p.m., Richard Harding, the assistant manager at the Wrigley Walgreen Store in Decatur, was eating dinner in the office adjacent to the pharmacy. Harding observed a hand reach over the pharmacy counter and take a bottle of pills, later identified as empirin. He put down his dinner and followed the person down the middle aisle of the store. Upon overtaking him, Harding shouted and grabbed the person's shoulder, at which time Harding was pushed away and the person fled the store. Harding gave chase as the person in question fled to the right (west) past the end of the shopping center. Harding identified the person in question as the defendant. A subsequent inventory revealed that in addition to the empirin, a bottle of carbrital was also missing. It was later discovered broken on a driveway in an area behind the shopping center.

Brian Beckham, an 11th grade student, testified that he observed two white males leave the store in question. He stated that the defendant was one of the two men and that he observed the defendant run into an area behind the shopping center and sit between a house and a garage. The

other man entered a car driven by a woman, placed a bottle which "sounded like pills shaking" into the glove compartment, and later rendezvoused with defendant. Beckham reported this information to the police when questioned.

Officer Mark Barthelemy, a police patrolman for the city of Decatur, testified that he was detailed to the Wrigley Walgreen Store in reference to a theft on the day in question. He stated that he talked with Beckham and was given the location of the two men. He apprehended the defendant after a short chase on foot.

The defendant testified that he entered the store at approximately 7 p.m. to buy mouthwash and while standing in front of the cosmetics section he noticed a hand reach over his shoulder and try to spin him around. He put down the bottle of Listerine which he was holding and ran. He stated that he panicked and ran because he had not paid a traffic fine due on April 31 [*sic*], 1978, and was afraid a bench warrant had been issued.

■■ The jury was instructed to find the defendant not guilty if there was any reasonable theory of innocence. The jury found the defendant guilty. We will not and should not substitute our judgment involving the weight of the evidence for that of the jury. *People v. Stringer* (1972), 52 Ill. 2d 564, 289 N.E.2d 631.

Additionally, it should be noted that while the trial court believed that only circumstantial evidence had been presented, and so instructed the jury, the assistant manager of the store where the retail theft occurred testified that he saw the defendant take the bottle of empirin. This would appear to be direct evidence of retail theft. The end result, however, · would be the same, for it appears as if the jury was given an instruction which was more beneficial to the defendant and therefore he was in no way prejudiced.

The defendant next argues that the trial court erred in instructing the jury that it could infer theft if it found exclusive possession of recently stolen articles. We agree.

The evidence, upon which the conviction of theft of property with a value of less than $150 was based, consisted of the following. Kathy Brownlee, Judith Ann Creech, and Cynthia Swindle Harding were employees of the drug store on May 3, 1978. When they came to work that day, they put their purses behind the pharmacy counter. About 7:15 p.m., the three women heard a noise and saw Harding chasing a man out of the store. At approximately 7:45 p.m., the women discovered that their purses were missing. On the following day, the police asked the women to come to the police station to identify Creech's checkbook and Harding's wallet. These two items had been in the women's purses. Approximately one

week later, the three purses were found on a shelf in the back storeroom of the drug store in an area where "grapefruit diet plan" pills were kept.

Upon apprehending the defendant, Officer Barthelemy conducted the pat-down search and handcuffed the defendant's hands behind his back. The defendant was placed in the rear seat of the squad car and transported to the police station. Upon booking, the defendant was found to be in possession of a white cap for a prescription bottle. Due to certain problems with booking the defendant, the car was not searched immediately after the defendant was transported as was the usual policy of the Decatur Police Department. Approximately 20 hours after the defendant's arrest, Officer Barthelemy searched the back of the squad car in which the defendant had been transported.

Officer Barthelemy testified that officers on two other shifts had driven the squad car between the time of the defendant's arrest and the search 20 hours later. He stated that the normal procedure required a search of the car when a new shift takes over. His search disclosed two bottles of pills for the "grapefruit diet plan," two billfolds, a checkbook bearing the name Judy Ann Creech, and a prescription bottle bearing the name Cynthia Swindle. Only one of the bottles of diet pills had a cap, and the cap found on the defendant fit the uncapped bottle. Harding identified the diet pills as having come from the store and stated they were stored in the back storeroom (the area where the purses were found). Officer Barthelemy testified that no one had been transported in the car during the shift following his and that to the best of his knowledge there was no one in the back seat of the car from the time the defendant left it until the next day. No one else had ridden in the back seat with the defendant when he was taken to the police station. He also stated that a search by the other officers coming on duty would have revealed the presence of these items in the back of the squad car. In his opinion it would have been difficult for the defendant to remove something from his front pockets while his hands were behind his back. He stated, however, that the defendant was lying down part of the time he was in the back seat, which would have made the task easier. After booking, the defendant was treated for injuries to his wrists.

The defendant denied taking any merchandise from the store. He also stated that because his hands were tightly handcuffed behind his back, it would have been physically impossible for him to have taken anything from his pockets and stuffed it into the seat of the squad car.

Upon these facts, the trial court instructed the jury that if it found that the defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of his possession, they may infer that the defendant obtained possession of the property by theft.

At issue here, essentially, is whether it was shown initially that the

defendant had possession so as to allow the inference of exclusive possession. Proof of possession by the defendant is the key if the inference is to be made on the basis of possession of recently stolen property. If the jury is required to speculate as to whether the defendant in fact had possession, which would be a circumstance of his guilt, it would be unreasonable to draw the inference based on speculation. *People v. Barber* (1974), 20 Ill. App. 3d 977, 313 N.E.2d 491.

■■ The case at bench is not one in which the property was found in the defendant's home, apartment, or automobile. Rather, the property was found in the back of a squad car in which the defendant had ridden. There was no evidence presented as to the limited access to the automobile. All that was shown in this case was mere association with the stolen property and not possession. (*People v. Davis* (1966), 69 Ill. App. 2d 120, 216 N.E.2d 490.) The exclusive possession instruction involved is based upon logical conclusions which permit the inference to be drawn. Under the circumstances of this case, the exclusive possession instruction should not have been given.

■■ Removing the erroneous instruction from consideration, the only evidence available to support the defendant's conviction is: the possible nonexclusive access to the area from which the items were removed; nonexclusive access to the area where the items were found; and possession of a nonunique bottle cap fitting an uncapped bottle. While the factual determination made by the trier of fact is entitled to great weight, this court must reverse where the record does not support the finding. (*People v. Patterson* (1972), 52 Ill. 2d 421, 424, 288 N.E.2d 403, 405.) The evidence on this charge raises little more than a suspicion against the accused and leaves a grave and serious doubt of guilt. (*People v. Dougard* (1959), 16 Ill. 2d 603, 158 N.E.2d 596; *People v. Cavin* (1975), 28 Ill. App. 3d 863, 329 N.E.2d 382.) For these reasons, we find that the defendant's conviction of theft must be reversed.

The defendant's next point of error involves the failure of the State's Attorney to follow the discovery order. The defendant was given seven sheets of police reports on the day prior to trial. We need not address this issue since the evidence in question relates solely to the charge of theft which we reverse.

The final argument of the defendant is that the improper remarks of the State's Attorney during cross-examination and in closing argument combine to deny him a fair trial. Without reaching the merits of this contention, we find that the defendant's failure to include these matters in his post-trial motion now precludes review. *People v. Dukett* (1974), 56 Ill. 2d 432, 308 N.E.2d 590, *cert. denied* (1974), 419 U.S. 965, 42 L. Ed. 2d 180, 95 S. Ct. 226; *People v. Carroll* (1977), 49 Ill. App. 3d 387, 364 N.E.2d 408.

For the above reasons, the defendant's conviction of retail theft is affirmed and his conviction of theft of property with a value less than $150 is reversed. Cause remanded for issuance of an amended mittimus.

Affirmed in part, reversed in part, and remanded with directions.

TRAPP and GREEN, JJ., concur.