The **PEOPLE of the State of Colorado,** Plaintiff-Appellee,

v.

**John Dewey COLLIER,** Defendant-Appellant.

No. 83CA0379.

Colorado Court of Appeals, Div. II.

July 3, 1985.

Rehearings Denied Aug. 8, 1985.

Certiorari Denied People Oct. 21, 1985.

Certiorari Denied Collier Nov. 4, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Chief Appellate Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

The defendant, John Collier, appeals from a judgment of conviction entered on a jury verdict finding him guilty of seven courts of second degree burglary, three counts of theft, and three counts of crimi-

nal mischief. We reverse and remand for a new trial.

The defendant's principal contention is that the trial court erred in its instruction to the jury on the permissible inference of guilt that could be drawn from the defendant's alleged unexplained possession of recently stolen property. We agree.

The prosecution's evidence established that during February, March, and April of 1982, seven businesses located at or near the Bodo Industrial Park in Durango, Colorado, were burglarized, and on the night of February 21, 1982, a pair of pliers was taken during one of the burglaries. The parties stipulated that when the defendant was arrested on May 11, 1982, he had in his possession a pair of pliers. A prosecution witness testified at trial that the pliers found in the defendant's possession on May 11, 1982, looked like or appeared to be the pliers taken in the burglary of February 21, 1982. However, the witness could not positively identify the pliers because they had no identifying marks on them and were therefore indistinguishable from other pliers of the same brand. None of the other items taken in the burglaries were found in the defendant's possession, and the evidence of the defendant's guilt was wholly circumstantial. Consequently, whether the pliers found in the defendant's possession were in fact those taken during one of the burglaries was a critical issue at trial.

Over the defendant's objection, the trial court gave the jury the following instruction:

"Exclusive possession of property recently stolen in a burglary, if not explained so as to raise a reasonable doubt as to the defendant's guilt, is ordinarily a circumstance from which the jury may draw an inference and find, in the light of surrounding circumstances shown by the evidence in the case, the person in possession participated in the burglary. You are not requried [sic] to draw any conclusion from the exclusive, unexplained possession of recently stolen property, but you are permitted to infer, from the defendant's unexplained posses-sion that the defendant is guilty of burglary if, and only if, in your judgment such an inference is warranted by the evidence as a whole. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence warrant any inference which the law permits the jury to draw from possession of recently stolen property. If the possession by the defendant of recently stolen property is consistent with his innocence, then the jury should acquit the defendant unless he has been proven guilty beyond a reasonable doubt by other evidence in the case.

'Recently' is a relative term which has no fixed meaning. Whether property may be considered as recently stolen depends upon all the facts and circumstances shown by the evidence. The longer the period of time since the burglary, the weaker is the inference which may be drawn from the possession.

*The defendant's possession of the recently stolen property does not shift the burden of proof.* The burden of proof is always with the People to prove beyond a reasonable doubt every essential element of burglary. Before you may draw any inference from the defendant's unexplained possession of property stolen in a burglary, you must first find that the People have proved beyond a reasonable doubt that the crime of burglary did in fact occur. If the People have proved beyond a reasonable doubt that the crime of burglary did in fact occur, then, but only then, may the defendant's unexplained possession of property stolen in that burglary permit you to infer that the defendant participated in the burglary.

*In considering whether the defendant's possession of the recently stolen property has been satisfactorily explained,* you must bear in mind that the defendant is not required to take the witness stand or to furnish an explanation. His possession may be satisfactorily explained by other facts and circumstances shown by the evidence independently of

any testimony by the defendant himself. And even though the defendant's possession of recently stolen property is unexplained, you cannot find him guilty if after a consideration of all of the evidence you have a reasonable doubt as to his guilt." (emphasis added)

Although this instruction was recommended for use by the Supreme Court in *Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979), we agree with the defendant that, under the circumstances presented here, the emphasized portions of the instruction complained of could have misled the jury into assuming that the pliers found in his possession were in fact the pliers taken during one of the burglaries.

It is axiomatic that pattern jury instructions must be tailored, where necessary, to fit the evidence presented in a particular case. *See, e.g., Goddard v. People,* 172 Colo. 498, 474 P.2d 210 (1970). Here, because the pliers found in the defendant's possession were not positively identified as those taken in one of the burglaries, the question whether the defendant was in fact in possession of stolen property was a disputed issue at trial. Consequently, we conclude that the trial court should have further instructed the jury that the instruction complained of was applicable if and only if the jury first determined that the prosecution had established beyond a reasonable doubt that the defendant was, in fact, in possession of property stolen in one of the burglaries. *Cf. People v. Rubio,* 71 Cal. App.3d 757, 139 Cal.Rptr. 750 (1977); *People v. Modlin,* 74 Ill.App.3d 387, 30 Ill.Dec. 350, 393 N.E.2d 5 (1979).

The trial court did instruct the jury that the prosecution had the burden of establishing each and every element of the offenses charged beyond a reasonable doubt. However, that instruction did not cure the potentially prejudicial effect of the instruction complained of here. *Cf. People v. Wells, supra.*

The defendant's remaining contentions are without merit.

The judgment is reversed and the cause is remanded for a new trial consistent with the views expressed herein.

KELLY and METZGER, JJ., concur.