The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Donald Joseph RICHARDS, Defendant–Appellant.

No. 87CA1542.

Colorado Court of Appeals, Div. II.

Dec. 28, 1989.

Rehearing Denied Feb. 1, 1990.

Certiorari Denied Aug. 27, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Donald Joseph Richards, appeals the judgment of conviction entered upon a jury verdict finding him guilty of theft. He argues the trial court abused its discretion by excluding his supplemental defense, and relevant evidence thereto, as a sanction for late compliance with its discovery order. We agree and, therefore, reverse.

On June 29, 1987, following a motion by the prosecution, the trial court entered an order directing the defendant to comply, not later than thirty days prior to the August 4, 1987, trial, with the prosecution's discovery request for disclosure by defendant of, *inter alia*, the theory of defense, witnesses, and expert reports. Defendant complied with this discovery order by filing an answer and disclosure statement.

On Monday, July 27, 1987, eight days before the scheduled trial, defendant's counsel filed a "Motion to Supplement the Disclosure Statement of the Defendant's Theory of Defense and Witnesses." The basis of this late motion was information newly discovered on July 22, 1987, which indicated that the defendant's illness and medications had certain psychological effects that precluded him from possessing the necessary culpable mental state.

On July 31, 1987, the prosecution filed a motion to bar defendant's supplemental defense as untimely, or in the alternative, for a continuance.

On August 4, 1987, the scheduled day of trial, the court held a brief hearing on the motions. Evidence before the trial court indicated that on July 8, 1987, defendant was taken on an emergency basis to the Aspen Valley Hospital, and on July 10, was admitted on an inpatient basis at the hospital where he was kept until discharge on July 22, 1987. At the time of discharge, counsel learned from the treating physician that defendant was, and had been for several years, suffering from Graves disease, and that both the disease itself and the medications for it could result in substantial psychological disorders, including unusual, bizarre, and antisocial disorders. Counsel explained to the court that, under the circumstances, this supplemental defense could not have been filed sooner.

Nevertheless, the trial court ruled that defendant failed to show good cause for the late supplementation of discovery. It noted that defendant's chronic lupus condition and medications therefor had been presented to the court years earlier in a different matter. On this basis, and the perceived flagrant failure to comply with the court's procedures, the trial court granted the prosecution's motion to bar defendant's supplemental theory of defense and pertinent witness testimony.

Defendant was subsequently convicted by a jury of theft and sentenced by the court to four years probation with total costs and restitution of $8,652.95.

## I.

Defendant argues that the right to present his defense is constitutionally protected and the trial court abused its discretion by excluding his supplemental defense, and relevant evidence thereto, as a sanction for late compliance with its discovery order. We agree.

■ Few rights are more fundamental than that of the accused to present witnesses in his own defense, *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and to put before the jury evidence that might influence the determination of guilt. *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).

A trial court sanction which precludes a defendant from presenting the theory of his defense and the testimony of his witnesses directly implicates these fundamental rights. It is among the severest and most drastic sanctions available. *See Taylor v. Illinois*, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); *People v. Hampton*, 696 P.2d 765 (Colo.1985).

These rights, however, are not an absolute and unqualified guarantee that the exclusion sanction will never be imposed. Rather, such rights are subject to prudential considerations necessary to prevent unwarranted prejudice, to protect the adversary system, and to accommodate other legitimate interests in the criminal trial process. *See Taylor v. Illinois, supra; Chambers v. Mississippi, supra.*

■ The determination whether to exclude relevant and competent defense evidence as a sanction for noncompliance with discovery orders is vested in the discretion of the trial court. However, because of the rights at stake, the exercise of that discretion must be based upon a properly informed and adequate inquiry into, and consideration of, the circumstances underlying the defendant's noncompliance and the effect of the exclusion sanction on both prosecution and defense, otherwise it is infirm. *See People v. Hampton, supra.*

In Colorado, the trial court must consider the following factors:

"[1] the reason for and the degree of culpability associated with the failure to timely respond to the prosecution's specification of time and place; [2] whether and to what extent the nondisclosure prejudiced the prosecution's opportunity to effectively prepare for trial; [3] whether events occurring subsequent to the defendant's noncompliance mitigate the prejudice to the prosecution; [4] whether there is a reasonable and less drastic alternative to the preclusion of ... [defense] evidence; [5] and any other relevant factors arising out of the circumstances of the case." *People v. Pronovost*, 773 P.2d 555 (Colo.1989) (citing *People v. Hampton, supra.*).

In this case, there is no indication in the record that the court adequately considered all of these factors. Of particular importance is the fact that the trial court failed to consider the other reasonable and less drastic alternatives available, and to balance these against the effect of the exclusion sanction upon the defendant. As noted by the United States Supreme Court, "a less drastic sanction is *always* available," and, in most cases, such "alternative sanctions are adequate and appropriate." *See Taylor v. Illinois, supra* (emphasis added).

■ The only exception to this general rule arises when the violation of discovery arises out of conduct of a character and magnitude tantamount to "sandbagging." A mere "eleventh hour" disclosure of an additional defense that is unaccompanied by willful misconduct, dishonesty, or repeated discovery violations, is ordinarily insufficient to come within this exception. *See Taylor v. Illinois, supra.*

■ In this case, there are no indications of conduct sufficient to invoke the *Taylor* exception. Here, the newly discovered grounds for a supplemental defense were promptly brought to both the prosecution's and the court's attention one week prior to trial. The defendant's July 27, 1987, motion to supplement his defense was an apparent honest effort to exercise his constitutional right to present witnesses and evidence which might influence the determination of guilt. Therefore, the trial court was obligated to consider the reasonable and less drastic alternatives to the preclusion sanction.

Under the circumstances of this case, granting a continuance was an obvious, reasonable, and less drastic alternative to the preclusion of the defendant's supplemental theory and evidence. This alternative was, in fact, requested by the prosecution, acquiesced to by the defendant, and would have been adequate and appropriate. *See Taylor v. Illinois, supra; People v. Madsen*, 743 P.2d 437 (Colo.App.1987) (the granting of a continuance cured any prejudice resulting from late disclosure).

Hence, the trial court's failure adequately to inquire into, and consider, the factors and circumstances underlying the defendant's supplemental defense and to consider the less drastic alternative of granting a continuance constituted an abuse of its discretion warranting reversal.

## II.

Defendant's remaining contentions concern matters likely to recur upon retrial. Therefore, we will address them.

## A.

■ Defendant argues the trial court erred in submitting an unmodified *Wells* instruction to the jury. He maintains that the instruction presumed that the items in question were "stolen" and thereby relieved the prosecution of its constitutional obligation of proof. We agree.

Pattern jury instructions must be tailored, where necessary, to fit the evidence presented in a particular case. *People v. Collier*, 711 P.2d 695 (Colo.App.1985).

Here, as in *Collier*, it was a question of fact whether the allegedly stolen television set was ever in defendant's possession. Consequently, the trial court erred in giving an instruction that exactly tracked the language of the recommended instruction in *Wells v. People*, 197 Colo. 350, 592 P.2d 1321 (1979), because such an instruction could have misled the jury into assuming that the defendant had possessed the stolen television set.

To avoid such error upon retrial, the jury should be instructed that an incriminating inference would arise if and only if the jury first determined that the prosecution had established beyond a reasonable doubt that the defendant was, in fact, in possession of a recently stolen television set. *See People v. Collier, supra.*

With regard to the allegedly stolen weapons, we agree with the defendant's contention that the *Wells* instruction was inappropriate here since that instruction was intended for the limited situation in which (a) there was no dispute that certain property was stolen and (b) there was no dispute that the defendant was in possession of that particular stolen property.

Inasmuch as the defendant asserts, as his defense, that the weapons were not "stolen" because he lacked the necessary culpable mental state for the crime, we conclude that giving the unmodified *Wells* instruction is inappropriate and prejudicial because of the tendency, under these circumstances to confuse the jury, and potentially relieve the prosecution of a portion of its burden of proof. *See Wells v. People, supra; People v. Kanan,* 186 Colo. 255, 526 P.2d 1339 (1974).

On remand, the jury instructions should be tailored to avoid using presumptive terms such as "recently stolen property," unless, and until, the prosecution has established beyond a reasonable doubt that the weapons were, in fact, stolen.

### B.

Defendant's last contention is that the trial court exceeded its authority by ordering, as a condition of probation, that defendant reimburse the court for emergency medical expenses ($7,023.15), incurred on the defendant's behalf, and certain bailiffs' wages ($232.02). We disagree.

Subject to the requirement that any conditions imposed as terms of probation must be authorized by the General Assembly, *People v. Gore,* 774 P.2d 877 (Colo. 1989), trial courts are given wide discretion in imposing conditions upon a sentence of probation. *See* § 16–11–202, C.R.S. (1986 Repl.Vol. 8A); *People v. Ledford,* 173 Colo. 194, 477 P.2d 374 (1970). They may impose a variety of monetary conditions in connection with granting probation. *See, e.g., People v. Burleigh,* 727 P.2d 873 (Colo. App.1986) (affirming $5,000 charitable contribution as a valid condition of probation). This includes requiring the defendant to pay: amounts to "[s]upport his dependents and meet other family responsibilities" (§ 16–11–204(2)(d), C.R.S. (1986 Repl.Vol. 8A)); the "reasonable costs of the court proceedings or costs of supervision of probation, or both" (§ 16–11–204(2)(e), C.R.S. (1986 Repl.Vol. 8A)); as well as "any fines or fees imposed by the court." (§ 16–11–204(2)(e.5), C.R.S. (1986 Repl.Vol. 8A)).

Considering the breadth of this authorization, the voluntary nature of probation, *People v. Rollins,* 771 P.2d 32 (Colo. App.1989), and the fact that defendant wholeheartedly agreed on the record to pay all these amounts, we conclude that the court's order was within its discretion and the statutory authorization.

If upon retrial defendant is again convicted, the trial court may condition probation upon repayment of these amounts.

The judgment is reversed and the cause is remanded for a new trial.

SMITH and FISCHBACH, JJ., concur.